THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL RODRÍGUEZ, Defendant and Appellant, and LUIS ORTIZ, Defendant.

No. 9798. Argued March 16, 1943.—Decided April 5, 1943.

*Cruz Ortiz Stella* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Rafael Rodríguez, as owner, and Luis Ortiz, as employee, were accused in the District Court of Humacao because they: "transported for sale adulterated cow's milk . . . with the purpose that it was to be used for human consumption as pure." Luis Ortiz was acquitted because he was under 16 years of age and Rodríguez was found guilty, and sentenced to pay a $25 fine and from this judgment he appeals, alleging that the court below committed error in finding him guilty because the evidence was not sufficient.

The appellant contends that, although this court has decided that the principal is guilty when his agent *sells* adulterated milk, this doctrine is not applicable to the instant case because he was charged "with transporting adulterated milk for sale" and that this crime can only be committed by

the person who did the transporting "since the transportation of a thing is a physical act for which the only person responsible is the one who does it."

We are not convinced by this argument. The sale of milk is also a physical act and we have decided in several cases, all cited in *People* v. *Sánchez,* 57 P.R.R. 37, that "when an agent sells adulterated milk, the agent and the principal each is guilty of an offense, and even jointly guilty."

Although the question was not discussed in our opinion, in the case of *People* v. *Reyes,* 56 P.R.R. 439, it was alleged in the information that Arsenio Reyes and Ramón Rivera "were carrying and keeping for sale, for human consumption, cow's milk adulterated with water" and it was true that only Rivera was the one who transported said milk, which was the property of Reyes. No specific act of sale was proved. This court affirming the judgment, cited the case of *People* v. *Acosta,* 56 P.R.R. 132, and said: "The offense . . . is committed by transporting, keeping and offering for sale, for human consumption, adulterated milk. The consummation of a sale is not an essential element of the offense. It is sufficient that the defendant transports adulterated milk and that he offers the same for sale for human consumption."

The appellant tries to distinguish the *Reyes* case, *supra,* because of the fact that in the information in that case it was alleged that the defendants were "carrying and keeping for sale," while in the instant case it was alleged that they "transported for sale." The distribution is one of form rather than of substance. The court below having believed the prosecution's evidence (no evidence for the defense was introduced) that the adulterated milk belonged to the defendant Rodríguez, who sold it to his client Antonio Castillo, to whom he sent it every day by his agent Ortiz, a boy under age, it properly found that the defendant Rodríguez,

as principal, was as guilty as his agent, although he did not physically transport said milk.

The judgment is affirmed.